.Simerjit SINGH, Petitioner,

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–73989.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 22, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, and Alison Marie Igoe, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Simerjit Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Alvarez–Santos v. Ashcroft,* 332 F.3d 1245, 1254 (9th Cir.2003), and we deny the petition.

The BIA determined that, even assuming Singh established past persecution, the government rebutted the presumption of a well-founded fear of future persecution. Substantial evidence supports that finding. The BIA gave a sufficiently individualized analysis of the State Department's country profile reports as to the current treatment of Sikhs in India. *See Gonzalez–Hernan-*

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*dez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003) (concluding that substantial evidence supported determination that government rebutted presumption of well-founded fear).

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). In addition, substantial evidence supports the BIA's denial of relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**